3000020951



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

ANICISHA WILLIAMS,
Plaintiff,

v.

METHODIST HOSPITALS OF DALLAS;
DR. EDWARD MAIRURA;
MAIRURA FAMILY FOUNDATION;
BRENNA WRIGHT;
MARISOL ESTRADA;
RONALD ROBERSON;
MARVYN DAVIS,
Defendants.

CIVIL ACTION NO.: 3-25CV3230-S

**COMPLAINT AND JURY DEMAND**

**I. JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1343 because Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and related federal statutes.
2. Venue is proper in this District under 28 U.S.C. §1391 because a substantial portion of the events giving rise to the claims occurred in this judicial district.

**II. PARTIES**

3. Plaintiff Anicisha Williams is a resident of Texas and a former Operating Room Registered Nurse employed at Methodist Midlothian, a campus of Methodist Hospitals of Dallas.
4. Defendant Methodist Hospitals of Dallas is a Texas nonprofit healthcare corporation and employer under Title VII.
5. Defendant Dr. Edward Mairura is a surgeon affiliated with Methodist Midlothian and founder of the Mairura Family Foundation.
6. Defendant Mairura Family Foundation is a nonprofit organization operating domestically and internationally.
7. Defendant Brenna Wright is a Certified Surgical Technologist currently employed at Methodist Midlothian who worked with Plaintiff.

8. Defendant Marisol Estrada is a Certified Surgical Technologist and participant in misconduct contributing to a hostile work environment.

9. Defendant Marvyn Davis is the former Operating Room Manager and later OR Director.

10. Defendant Ronald Roberson served as Charge Nurse in the Operating Room and had supervisory authority over Plaintiff.

### III. FACTUAL ALLEGATIONS

11. Plaintiff experienced workplace violence, escalating hostility, and retaliation after reporting a violent incident involving Defendant Brenna Wright in December 2024.

12. Plaintiff made repeated safety complaints to Charge Nurse Roberson, Manager Davis, and Dr. Mairura regarding threats, gossip, exclusion, and unsafe behavior by Wright and Estrada.

13. Instead of addressing Plaintiff's safety concerns, Defendants retaliated, minimized her complaints, discouraged reporting, and created a hostile work environment.

14. After rejecting Manager Marvyn Davis's romantic advances, Plaintiff faced further retaliation including threats of schedule removal, increased hostility, and attempts to discipline her without cause.

15. In December 2024, during the workplace violence incident involving Brenna Wright, the Plaintiff reported the matter and a law enforcement officer arrived at the hospital to investigate. Defendant Ronald Roberson told the officer, in front of Dr. Mairura, "we don't need her at the moment," preventing Plaintiff from giving her formal statement. This action obstructed documentation, delayed accountability, and exposed Plaintiff to further workplace danger.

16. Defendants Roberson and Davis repeatedly told Plaintiff to "let it go" and protected Wright while isolating Plaintiff.

17. Plaintiff's protected reports were ignored. Defendants minimized threats, mocked concerns, and allowed gossip to spread through the department.

18. A pattern existed within Methodist Midlothian where minority employees were discouraged from reporting safety incidents and denied equal protections.

19. In May 2025, Davis and HR Director Longino attempted to issue an unjustified "Final Warning" as retaliation.

20. Davis further retaliated by threatening to remove Plaintiff from Tuesday/Wednesday surgical schedules — the days Dr. Mairura operated.

21. Defendants Wright and Estrada engaged in gossip, hostility, and conduct that escalated workplace conflict and contributed to a racially hostile environment.

22. In August 2025, Plaintiff was removed from the Mairura Foundation's Kenya medical mission trip in retaliation, despite prior invitation, donation of supplies, and no disciplinary history.

23. Plaintiff possesses documentation proving Dr. Mairura was informed of threats against her yet failed to act.

24. The Foundation's decision to include Brenna Wright and exclude Plaintiff demonstrates clear retaliation, harming Plaintiff's professional reputation, community standing, and career opportunities.

25. Plaintiff suffered emotional distress, professional embarrassment, and reputational harm as a result.

26. Plaintiff also discovered that confidential employment information was disclosed by Manager Davis to Defendant Wright, who further spread this information to other staff, violating Plaintiff's privacy and escalating retaliation.

## IV. CAUSES OF ACTION

**COUNT 1 – TITLE VII RETALIATION**

(Against Methodist, Davis, Roberson)
27. Plaintiff engaged in protected activity by reporting workplace violence, discrimination, safety violations, and retaliation.
28. Defendants took adverse employment actions in retaliation, including: threatening removal of schedule assignments, attempting to issue a false Final Warning, ignoring threats, escalating hostility, and excluding Plaintiff from professional opportunities.

**COUNT 2 – TITLE VII HOSTILE WORK ENVIRONMENT**

(Against ALL Defendants)
29. Defendants' conduct created a workplace permeated with intimidation, hostility, and abuse, altering the conditions of employment.

**COUNT 3 – TITLE VII RACIAL DISCRIMINATION / DISPARATE TREATMENT**

(Against Methodist)
30. Plaintiff, an African American woman, was treated less favorably than similarly situated non-Black employees regarding safety protections, disciplinary actions, and access to advancement.

**COUNT 4 – §1981 RETALIATION (42 U.S.C. §1981)**

(Against ALL Defendants – individuals included)
31. Defendants retaliated against Plaintiff for opposing discriminatory and retaliatory practices. §1981 allows claims directly against individuals.

### COUNT 5 – NEGLIGENT HIRING, RETENTION, & SUPERVISION

(Against Methodist, Roberson, Davis, and Dr. Mairura)
32. Defendants failed to adequately oversee personnel known for misconduct and failed to intervene when threats and violence were reported.

### COUNT 6 – NEGLIGENCE & FAILURE TO PROTECT

(Against Methodist, Roberson, Davis, Mairura)
33. Defendants knowingly disregarded safety risks, allowing further harm.

### COUNT 7 – FAILURE TO INVESTIGATE

(Against Methodist, Roberson, Davis, Mairura)
34. Defendants failed to conduct proper investigations into violence, threats, and retaliation.

### COUNT 8 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(Against ALL Individual Defendants)
35. Defendants' conduct was extreme, outrageous, and intended to cause severe emotional distress.

### COUNT 9 – RETALIATORY CONSTRUCTIVE DISCHARGE

(Against Methodist)
36. Defendants created intolerable working conditions forcing Plaintiff to resign.

### COUNT 10 – TORTIOUS INTERFERENCE

(Against Mairura Family Foundation)
37. The Foundation interfered with Plaintiff's professional opportunities by excluding her from the mission trip in retaliation.

### COUNT 11 – PUBLIC DISCLOSURE OF PRIVATE FACTS

(Against Marvyn Davis, Brenna Wright & Marisol Estrada)
38. Defendants disclosed private employment-related information about Plaintiff without authorization and disseminated it to other staff, causing embarrassment, reputational harm, and further retaliation.

### COUNT 12 – WRONGFUL DISCLOSURE OF CONFIDENTIAL EMPLOYMENT INFORMATION

(Against Marvyn Davis, Brenna Wright & Marisol Estrada)
39. Defendants wrongfully disclosed confidential employment information obtained through managerial and HR channels, breaching privacy and contributing to a retaliatory environment.

### COUNT 13 – INVASION OF PRIVACY - INTRUSION ON SECLUSION

(Against Marvyn Davis, Brenna Wright & Marisol Estrada)
40. Defendants intruded upon Plaintiff's private employment matters by sharing confidential disciplinary and complaint information with unauthorized individuals.

### COUNT 14 – CIVIL CONSPIRACY

41. Defendants Wright, Estrada, Davis, and others engaged in coordinated dissemination of Plaintiff's private information and retaliatory acts that harmed Plaintiff professionally and emotionally.

### COUNT 15 – INTENTIONAL INTERFERENCE WITH EMPLOYMENT RELATIONS

42. Defendants interfered with Plaintiff's employment conditions, professional relationships, and opportunities by engaging in retaliatory gossip, exclusion, and misuse of confidential information.

### COUNT 16 – AIDING & ABETTING RETALIATION

(Against ALL Individual Defendants)
43. Each defendant knowingly assisted, encouraged, or enabled retaliation.

### COUNT 17 – TEXAS LABOR CODE §21.055 RETALIATION

(Against Methodist)
44. Plaintiff engaged in protected activity under Texas law and was retaliated against.

### V. DAMAGES

Plaintiff seeks:
- Compensatory damages (emotional distress, lost wages, reputational harm)
- Punitive damages
- Loss of international opportunities
- Mental anguish
- Court costs
- Any other relief the Court deems appropriate

Total Damages Sought: $40,000,000.00

### VI. JURY DEMAND

Plaintiff requests a trial by jury.

### VII. SIGNATURE

Respectfully submitted,
Anicisha Williams
Pro Se Plaintiff
1810 Hidden Water Trail
Midlothian, TX 76065

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/17/2025

**To:** Anicisha Williams
1810 Hidden Water Trail
MIDLOTHIAN, TX 76065
Charge No: 450-2025-09445

EEOC Representative and email:   Kindra Mcneely
EO Investigator

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2025-09445.

On behalf of the Commission,

**KINDRA MCNEELY**
Digitally signed by KINDRA MCNEELY
Date: 2025.09.17 12:34:55 -05'00'

For Travis M. Nicholson
District Director

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anicisha Williams

**DEFENDANTS**
Ronald Roberson, Marisol Estrada
Methodist Hospitals of Dallas, Dr. Edward Mairura, Mairura Family Foundation, Brenna Wright, Marvyn Davis

**(b)** County of Residence of First Listed Plaintiff: **Ellis County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Dallas County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A-Pro Se Plaintiff

Attorneys *(If Known)*
N/A

RECEIVED NOV 24 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-25CV3230-S

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. § 2000e
Brief description of cause:
Race Discrimination, Retaliation, Hostile Work Environment, Failure to Act on a Workplace Threats, and Exclusion from Professional Access

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 40,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____