IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANICSHA WILLIAMS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-3230-S-BW | |
| § | | |
| METHODIST HOSPITALS OF § | | |
| DALLAS, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

## MEMORANDUM OPINION AND ORDER

On November 26, 2025, Plaintiff Anicsha Williams, appearing pro se in this action, filed a Motion for Alternative Service requesting authorization to serve Defendants Brenna Wright and Marvyn Davis by alternative means. (Dkt. No. 11.) For reasons explained below, Williams's motion is **DENIED** without prejudice.

### I. BACKGROUND

Williams, a former operating room nurse, filed this action on November 24, 2025, against Defendant Methodist Hospitals of Dallas and associated healthcare professionals asserting claims for race discrimination and retaliation, negligence, and other causes of action. (*See* Dkt. No. 3.) She seeks $40 million in damages. (*Id.* at 5.)

On November 26, summonses for Defendants Brenna Wright and Marvyn Davis were returned unexecuted. (Dkt. Nos. 8, 9.) Deborah Ogungbeja, the person

---

[1] This pro se case has been referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 1.)

who attempted to serve process, stated by affidavit that she attempted to serve Wright and Davis at 1201 E. US-287 in Midlothian, Texas, which is a hospital facility.  (Dkt. Nos. 8, 9, 11 at 2.)  As to Wright, Ogungbeja states that she attempted service at 8:38 a.m. on November 25 and first contacted someone who identified herself as "the resident" who said Wright "resides but refused to respond."  (Dkt. No. 9 at 1.)  Ogungbeja states that she spoke to a law enforcement officer who refused to accept service and suggested that she contact the hospital's legal department.  (*Id.*)  Ogungbeja reports either a similar or the same contact recorded at 8:46 a.m.  (*Id.* at 1-2.)  As to Davis, Ogungbeja states that she first attempted service on November 24 at 3:54 p.m. and spoke to someone who said Davis was gone for the day and directed her to return the following day after 7:00 a.m.  (Dkt. No. 8 at 1.)  Ogungbeja states that she returned on November 25 at 8:33 a.m. and—in what appears to be the same attempt to serve Wright—spoke to a law enforcement officer who refused to accept service and recommended reaching out to the hospital's legal department.  (*Id.*)

    Williams filed the instant motion the following day seeking authorization to serve Wright and Davis by alternative means.  (Dkt. No. 11.)  According to the motion, Wright and Davis were "clocked in and present" at the hospital when service was attempted, Davis left the area to avoid being served, and both defendants were "hiding" or "avoiding service."  (*Id.* at 2.)  Williams seeks authorization to serve Wright and Davis by serving a human resources employee at the hospital, certified mail to their workplace, leaving the summons and complaint with any adult

employee of the hospital, posting at the entrance of the hospital, or electronic means. (*Id.* at 3.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

This Court is located in the state of Texas, and Williams seeks to effect service in Texas. Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be

>   reasonably effective to give the defendant notice of
>   the suit.

Tex. R. Civ. P. 106.

So, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b).

### III. ANALYSIS

The Court concludes that alternative service is not appropriate at this time. First, Williams has not established a sufficient degree of diligence in the efforts made to serve Wright and Davis by means authorized by Rule 4 (or Tex. R. Civ. P. 106(a)

incorporated therein) to justify the alternative means requested. What Williams has shown is one unsuccessful attempt to serve Wright and two unsuccessful attempts to serve Davis at their workplace. *See CT Cash LLC v. Anns Boyz Logistics Inc*, No. 3:23-CV-788-S, 2023 WL 8816379, at *5 (N.D. Tex. Dec. 19, 2023). She makes averments about the defendants being "on the clock" and actively evading service, but many of these facts underlying these assertions are not provided by affidavit testimony. Moreover, Williams has not explained what additional investigative measures, if any, have been taken to find these defendants at alternative locations to serve them personally or via certified mail as authorized by Texas law. *See Velarde v. Decker Truck Line, Inc.*, No. EP-22-CV-00298-DCG, 2022 WL 15527755, at *2 (W.D. Tex. Oct. 27, 2022). Additionally, Williams has not demonstrated by affidavit testimony how particular alternative methods would be reasonably effective in giving the defendants notice of the lawsuit. Finally, the timing of the motion and materials submitted by Williams suggest she might be prematurely resorting to alternative service based on a belief that it would benefit her with respect to the merits of her case. (*See* Dkt. No. 11 at ECF pp. 6-7.)

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Alternative Service (Dkt. No. 11) without prejudice to refiling the motion after making sufficient additional efforts to effect service according to Rule 4.

**SO ORDERED** on December 11, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE