IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANICSHA WILLIAMS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-3230-S-BW | |
| § | | |
| METHODIST HOSPITALS OF § | | |
| DALLAS, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anischa Williams, appearing pro se, filed on February 23, 2026 a Second Motion for Extension of Time and Motion for Alternative Service. (Dkt. No. 33 ("Mot.").) For the reasons explained below, the Court grants her request for an extension of time but denies the request to serve defendants by substitute service because the request is not supported by a required affidavit.

## I. BACKGROUND

Williams, a former operating room nurse, filed this action on November 24, 2025, against Defendant Methodist Hospitals of Dallas and associated individuals asserting claims relating to race discrimination and retaliation, negligence, and other causes of action. (*See* Dkt. No. 3.) Three of the individuals named as defendants in this action have not been served with a summons and complaint as required by Fed. R. Civ. P. 4.

---

[1] This pro se case has been referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 1.)

On December 11, 2025, the Court denied Williams's first motion for substitute service of Defendants Brenna Wright and Marvyn Davis because Williams had not yet established sufficient diligence in attempting to serve these defendants through authorized means, and because she had "not demonstrated by affidavit testimony how particular alternative methods would be reasonably effective in giving the defendants notice of the lawsuit." (Dkt. No. 12 at 4-5.)

On January 23, 2026, the Court denied Williams's next three motions seeking to serve these same defendants and Ronald Roberson by alternative means. (Dkt. No. 32.) The Court stated at the outset of its order that the denial was due to the motions' "lack [of] required evidentiary support." (*Id.* at 1.) The Court pointed out that, when a request for substitute service is premised on Tex. R. Civ. P. 106(b), the plaintiff must submit an affidavit that "strictly complies with the requirements of the Rule." (*Id.* (quoting *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015)).) The Court explained that Williams's motions were based solely on her unsworn filing and did not attest to the unsuccessful attempts or explain with specificity the grounds supporting a belief that the requested method(s) of service would be reasonably effective in giving each defendant actual notice of the lawsuit. (*Id.* at 2.)

Williams filed the instant motion seeking an extension of her deadline under Rule 4(m) and another request to serve the same three defendants by alternative methods. She asks for Court authorization to serve these defendants by certified mail, first-class mail with tracking, email, by leaving documents with an adult at the

defendant's listed residential address, or by affixing documents to the front door of the residence with copies sent by mail. (Mot. at 2.) Again, Williams does not present any affidavit in support of her motion for substitute service. Rather, she again relies on her unsworn pleading and a collection of proofs of service documenting process servers' unsuccessful attempts to serve each of these defendants in person.

## II.  LEGAL STANDARDS

### A.  Deadline to show proof of service

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, a plaintiff must file proof of service with the court. Fed. R. Civ. P. 4(*l*)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017).

### B.  Substitute service

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving

a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

This Court is located in the state of Texas, and Plaintiff seeks to effect service in Texas. Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

Under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a

manner that is reasonably calculated to provide notice. *See* Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

Comment to 2020 Change to the Texas rule notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), *available at* https://www.txcourts.gov/media/1449613/209103.pdf.

When a plaintiff demonstrates that the technology accounts belong to and were recently used by the defendant, courts are more likely to find that electronic service would be "reasonably effective" in giving notice of the lawsuit. *See, e.g.*, *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (allowing substitute service by social media when plaintiff showed that defendant had been active on his social media account in the past month and plaintiff identified the account as the defendant's through the account's photographs); *Sec. & Exch. Comm'n v. Plummer*, No. 3:21-CV-2331-B, 2022 WL 1643958, at *1–2 (N.D. Tex. May 23, 2022) (granting service by email when plaintiff presented evidence that defendant's email address belonged to defendant and was used less than three months prior); *Hernandez v. Erazo*, No. SA-22-CV-01069-XR,

2022 WL 17490682, at *1–2 (W.D. Tex. Oct. 31, 2022) (finding service by email and social media proper when the accounts belonged to respondent and petitioner had previously used them to communicate with respondent).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Group, P.C.*, 2015 WL 4231746, at *1 (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in the statement but has not been successful." Tex. R. Civ. P. 106(b). The plaintiff also must explain how the requested method of alternative service is likely to give the defendant actual notice of the lawsuit. *See* Tex. R. Civ. P. 106(b)(2) (authorizing method that "the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit").

### III. ANALYSIS

**A.    The Court extends Williams's deadline to show proof of service as required by Rule 4(m).**

The Court finds good cause to extend Williams's deadline to file proof of service on Defendants Wright, Davis, and Roberson. Williams's inability to serve these defendants is not attributable to a lack of diligence. The Court extends

Williams's deadline to serve each of these defendants and file proof of service until **April 18, 2026**, which should be ample time to accomplish service.

As explained below, Williams has not followed the rules or learned from prior orders with respect to the showing she must make to obtain authorization for substitute service. Going forward, the Court is unlikely to perceive good cause for any further extension based on Williams's inability to follow the requirements for service or requesting alternative service. That is, Williams should not need any further extension of the deadline.

B.  **Williams has not provided the required affidavit to support her request for substitute service.**

The facts alleged by Williams in her motion and the process servers' proofs of service document multiple failed attempts, suggesting Williams has diligently attempted to serve Defendants Wright, Davis, and Roberson in person. Among other things, she has shown attempts to serve these defendants at their workplace and what is believed to be their respective residence.[2] But Williams has not provided the affidavit that is necessary under Tex. R. Civ. P. 106 to substantiate her request. The Court therefore cannot authorize it. *See Hill v. Amity One Tax, LLC*, No. 3:25-CV-510-L-BN, 2025 WL 1592957, at *2 (N.D. Tex. June 5, 2025) ("Hill's motion does not comply with these requirements because it is not supported by a sworn

---

[2] Among the important facts that are not proved by sworn testimony is that the places are the respective defendant's usual place of business or abode. *See Ancrum v. Lyft, Inc.*, 722 F. Supp. 3d 642, 647 (N.D. Tex. 2024).

statement. And, so, the Court must deny Hill's request for substituted service at this time.").[3]

Although the Court must deny Williams's motion for alternative service, it addresses two of the methods for which she requests authorization. First, Williams asks permission to serve the defendants by certified mail, return receipt requested. (Mot. at 2.) She does not need Court authorization to serve process in this manner. Under Tex. R. Civ. P. 106(a), mailing the summons and complaint by certified mail, return receipt requested is a default manner of serving process, like personal service. *See Hill*, 2025 WL 1592957, at *2. Similarly, Williams does not need the Court's approval to serve the defendants "by leaving documents with an adult resident at the listed address." (Mot. at 2.) Under Fed. R. Civ. P. 4(e), a person authorized to serve process may do so by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]"

The Court denies Williams's renewed motion for substitute service because she has not met the requirements, which the Court must apply strictly.

---

[3] Even if Williams had submitted an affidavit, she would not be entitled to an order generally authorizing her to serve defendants by email or posting documents on the front door, as she requests. Rather, an order would authorize her to serve a particular defendant by sending documents to a particular identified email address or posting them at a particular identified residence. It is incumbent on Williams to establish that delivering to the particular email address or location would be reasonably effective in giving the respective defendant notice of this lawsuit.

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's motion in part and extends her deadline to serve Defendants Wright, Davis, and Roberson until April 18, 2026.  The Court **DENIES** Plaintiff's motion requesting authorization to serve these defendants by alternative methods.

**SO ORDERED** on March 3, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE