IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANICSHA WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-3230-S-BW |
| | § | |
| METHODIST HOSPITALS OF | § | |
| DALLAS, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Marisol Estrada, Edward Mairura, the Mairura Family Foundation (the "Foundation"), and Methodist Hospitals of Dallas ("Methodist Hospital") filed motions to dismiss Plaintiff's claims. (*See* Dkt. Nos. 15, 16, 17, 20.) For reasons explained below, the undersigned magistrate judge concludes that the motions should be granted and this action should be dismissed.

**I. BACKGROUND**

**A.    Williams filed this action complaining of workplace discrimination and retaliation at Methodist Hospital.**

Plaintiff Anischa Williams, appearing pro se in this action, filed this lawsuit on November 24, 2025. (*See* Dkt. No. 3 ("Compl.").) In her complaint, she alleges that she formerly worked as an operating room nurse at the Midlothian campus of Methodist Hospital. (Compl. ¶ 3.) She sued Methodist Hospital; Mairura, a surgeon

---

[1] This pro se case has been referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 1.)

affiliated with the hospital; Mairura's foundation; Brenna Wright and Marisol Estrada, surgical technologists at the hospital; Marvyn Davis, formerly the operating room manager who later became operating room director; and Ronald Roberson, who supervised Williams and served as an operating room charge nurse. (*See id.* ¶¶ 4-10.) Williams alleges that she reported a violent workplace incident involving Wright in December 2024 and suffered workplace violence, escalating hostility, and retaliation thereafter. (*Id.* ¶¶ 11-12.) She also alleges that Defendants retaliated against her after she rejected romantic overtures from Davis. (*Id.* ¶ 13.) Williams avers that she contacted law enforcement about the December 2024 incident but that some of the Defendants interfered with her report, encouraged her not to pursue the matter, and mocked or gossiped about her. (*See id.* ¶¶ 15-17.) According to the complaint, Methodist Hospital discouraged minority employees from reporting safety incidents. (*Id.* ¶ 18.)

Williams's complaint also alleges that she was given a "Final Warning" in May 2025 by Davis and a human resources director, that Davis threatened to remove her from working on days when Mairura operated, and that Wright and Estrada gossiped, engaged in hostile behavior, and contributed to a racially hostile environment. (*Id.* ¶¶ 19-21.) Williams complains that the Foundation removed her from a medical mission trip to Kenya in August 2025 but included Wright on that trip, that Mairura declined to do anything in response to threats made against

Williams, and that Davis disclosed Williams's confidential information to Wright, who disseminated it to others. (*Id.* ¶¶ 22-26.)

Defendants Wright, Roberson, and Davis have not been served with a summons and operative complaint. The remaining defendants have been served, and each as filed a motion to dismiss. Both Estrada and Mairura filed motions to dismiss on December 15, 2025. (Dkt. Nos. 15 ("Estrada Mot."), 16 ("Mairura Mot.").) The Foundation filed its motion on December 16, 2025. (Dkt. No. 17 ("Found. Mot.").) And Methodist Hospital filed its motion on December 17, 2025. (Dkt. No. 20 ("Hosp. Mot.").) Williams filed responses to each one soon thereafter. (*See* Dkt. Nos. 23, 24, 25, 26.) And Mairura, Estrada, and Methodist Hospital each filed a reply. (*See* Dkt. Nos. 29, 30, 31.) The Foundation did not file a reply in the time permitted to do so. *See* N.D. Tex. L. Civ. R. 7.1(f).

**B.     Williams is pursuing similar claims against the same defendants in another case.**

Each of the Defendants' who filed a motion points the Court to Williams's lawsuit in Case No. 3:25-CV-2631-N-BT ("Case 2631"). Williams, also pro se, filed a complaint against Methodist Health System, Mairura, and the Foundation on September 29, 2025. (Dkt. No. 3, Case 2631.) On October 29—about a month prior to filing this lawsuit—Williams filed an amended complaint in Case 2631 naming the same seven Defendants in this action. (Dkt. No. 18, Case 2631 ("2631 Compl.").) This amended complaint contains the same factual allegations as the complaint filed in this action, including her complaints pertaining to workplace retaliation after the

December 2024 incident, retaliation after Williams's refusal of Davis's romantic overtures, interference and retaliation relating to Williams's attempts to report the workplace incident to law enforcement, failure to adequately respond to Williams's reports of safety concerns, the "Final Warning" and threats of altering Williams's work schedule, and her removal from the mission trip. (*See* 2631 Compl. ¶¶ 11-26.) Williams asserts some, but not all, of the claims asserted in this action, such as Title VII retaliation and hostile work environment. (*Compare* Compl. ¶ 27-28 *with* 2631 Compl. at 3.) But she includes a claim for defamation or slander that she does not assert in this action. (*See* 2631 Compl. at 4.)

## II. LEGAL STANDARDS

"Claim-splitting occurs when a single 'cause of action' is split by advancing one part in an initial suit and another part in a later suit." *Ameritox, Ltd. v. Aegis Scis. Corp.*, No. 3:08-CV-1168-D, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009) (quoting *F.D.I.C. v. Nelson*, 19 F.3d 15, 1994 WL 93409, at *2 (5th Cir. Mar. 15, 1994) (unpublished table decision)); *see Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023) ("The rule against claim splitting prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants."). A plaintiff cannot prosecute claims arising out of a single wrong through piecemeal litigation. *See Ameritox, Ltd.*, 2009 WL 305874, at *4. When she does so, "the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of

transactions as the first claim." *Id.* (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)).  "A main purpose behind the rule . . . is to protect the defendant from being harassed by repetitive actions based on the same claim." *Id.* (quoting *Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996)).

A court considers a four-part test that applies to res judicata when assessing whether impermissible claim-splitting has occurred: (1) whether the parties in the current action are the same or in privity with those in the first action; (2) whether the court in the prior action is one of "competent jurisdiction"; (3) whether the prior action ended with a judgment on the merits; and (4) whether the same claim or cause of action is involved in the two suits.  *Armadillo Hotel*, 84 F.4th at 628.  When the first lawsuit is still pending, as Case 2631 is, the court considers only the first and fourth factors—i.e., the similarity of the parties and claims.  *Id.*

### III.  ANALYSIS

Each of the motions to dismiss argue that this lawsuit should be dismissed because it constitutes impermissible claim-splitting.  (*See* Estrada Mot. at 8-9; Mairura Mot. at 7-9; Dkt. No. 18 at 6-7; Hosp. Mot. at 8-10.)  Williams does not respond to this arguments in her responses to Estrada and Mairura.  (*See* Dkt. Nos. 23, 25.)  In response to Methodist Hospital and the Foundation, Williams states only that dismissal is not mandatory and should not occur when other measures such as

consolidation, amendment, or a stay "would better serve justice," (Dkt. No. 24 at 2), and she argues that dismissal should not be with prejudice, (Dkt. No. 26 at 1-2.)

Considering the relevant factors here, it is clear that this lawsuit constitutes impermissible claim-splitting by Williams. First, there is complete identity between the parties. Williams sues precisely the same seven defendants in both cases. Second, although Williams articulates several more causes of action in this case—17 compared to the 5 asserted in Case 2631—her claims arise out of precisely the same operative facts, i.e., the December 2024 incident and rejection of Davis's romantic overtures, the alleged mistreatment and retaliation that followed these events that included threatened rescheduling of work shifts, removal from the mission trip, and alleged failure to remedy harassment or respond to safety concerns. *See Armadillo Hotel*, 84 F.4th 632, 640 (5th Cir. 2023) ("[I]t is the 'nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted' that defines the claim." (quoting *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016))). These two lawsuits are based on identical events, and this action epitomizes impermissible claim splitting.

Williams suggests that the Court should take some other measure to remedy her claim splitting. (*See* Dkt. No. 24 at 2.) She does not point to any advantage—for either party or the Court—that would result from consolidating this action into Case 2631 or staying this case. Nor has Williams suggested that she would be prejudiced by dismissal. A scheduling order has not yet been entered in Case 2631, and there is

no obvious barrier to her ability to seek to amend her complaint in that action to make claims exclusively asserted in this case.[2]  This action is practically a duplicate of Case 2631, serves no practical purpose, and threatens to continue being simply an administrative burden and "an extreme waste of valuable judicial resources."  *See Sturns v. Kroger Co.*, No. 3:22-CV-01891-E, 2023 WL 5312213, at *6 (N.D. Tex. Aug. 16, 2023) (internal quotation marks omitted).

## IV.  RECOMMENDATION

For the foregoing reasons, Defendants motions to dismiss (Dkt. Nos. 15, 16, 17, 20) should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE** for impermissible claim-splitting.

**SO RECOMMENDED** on April 8, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned does not suggest that such amendment would or would not be futile.

-7-

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).